UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MENDEZ-BAROCIO,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM BARR, et al.,<br><br>    Respondents. | Case No. 20-06109 EJD<br><br>**ORDER OF DISMISSAL; DENYING RECONSIDERATION; DISMISSING PENDING MOTIONS AS MOOT**<br><br><br>(Docket Nos. 6, 7, 8, 9, 10) |

On September 1, 2020, Petitioner, a detainee being held at the Mersa Verde ICE Processing Center, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 5. Along with the petition, Petitioner filed a motion for leave to proceed in forma pauperis ("IFP"), Dkt. No. 6, a motion for stay of removal, Dkt. No. 7, a motion for a temporary restraining order, Dkt. No. 8, a motion to appoint counsel, Dkt. No. 9, and a motion requesting that exhibits filed in a previous action be filed into this action, Dkt. No. 10. At the same time, Petitioner paid the $5.00 filing fee. Dkt. No. 13.

For the reasons discussed below, this action must be DISMISSED.

///

///

# DISCUSSION

## A. Duplicative Action

The previous action to which Petitioner refers to in his papers was assigned Case No. 20-03558 EJD, and is identical to the instant action except for some of the papers filed in support. Compare Dkt. No. 5 at 1-9 with Mendez-Barocio v. Barr, et al., Case No. 20-03558 EJD, Dkt. No. 1 at 1-9. The Court dismissed that action on July 9, 2020, for lack of jurisdiction since the matter was pending before the Ninth Circuit, and because Petitioner had not exhausted judicial remedies before filing suit. Case No. 20-03558 EJD, Dkt. No. 18 at 1-3. There is no allegation in this newly filed action indicating that proceedings before the Ninth Circuit have concluded or that Petitioner has since exhausted judicial remedies. Accordingly, this matter appears to be merely duplicative of a previously filed action that has been dismissed. Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021. Although Petitioner has paid the filing fee in this matter, Dkt. No. 13, he cannot avoid dismissal because there is no relief that this Court can provide where the circumstances from the earlier action remain the same.

## B. Reconsideration

To the extent that Petitioner is seeking reconsideration of the dismissal of Case No. 20-03558 EJD, he fails to establish any basis for reconsideration. Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892,

898-99 (9th Cir. 2001).  In contrast to a Rule 59(e) motion, a Rule 60(b) motion "only comes into play <u>after</u> the time to appeal has expired, the judgment has become final, and the petitioner has 'expended the one full opportunity to seek collateral review that AEDPA ensures.'"  <u>Rishor v. Ferguson</u> 822 F.3d 482, 493 (9th Cir. 2016) (citing <u>Blystone v. Horn</u>, 664 F.3d 397, 413 (3d Cir. 2011).  Because the time for filing a motion under Rule 59(e) has expired,[1] Petitioner's motion may only be considered under Rule 60(b).

Rule 60(b) lists six grounds for relief from a judgment.  Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered.  <u>See</u> Fed. R. Civ. P. 60(b).  A Rule 60(b) motion does not affect the finality of a judgment or suspend its operation, <u>see id.</u>; therefore, a party is not relieved of its obligation to comply with the court's orders simply by filing a Rule 60(b) motion.  <u>See</u> <u>Hook v. Arizona Dep't of Corrections</u>, 107 F.3d 1397, 1404 (9th Cir. 1997).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); <u>School Dist. 1J v. ACandS Inc.</u>, 5 F.3d 1255, 1263 (9th Cir.1993).  Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60.  <u>United States v. Washington</u>, 394 F.3d 1152, 1157 (9th Cir. 2005).  "It has been used sparingly as an equitable remedy to prevent manifest injustice

---

[1] A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment.  <u>See</u> Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009); <u>Classic Concepts, Inc. v. Linen Source, Inc</u>, 716 F.3d 1282, 1286 (9th Cir. 2013).  Judgement was entered in Case No. 20-03558 EJD on July 9, 2020, such that Petitioner had until August 6,2020, to file a Rule 59 motion. This action was filed on September 1, 2020, which is after that time had expired.

3

and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations omitted).

Plaintiff has failed to establish any basis for reconsideration under Rule 60(b), having only refiled the identical petition and duplicative papers as before as well as an additional "declaration and finding of facts," and a statement of "insight, declaration, and experiences." Nowhere among these papers does he assert mistake, inadvertence, surprise or excusable neglect, newly discovered evidence, fraud by the adverse party, or any other reason justifying relief with regard to the dismissal of his § 2241 petition filed under Case No. 20-03558 EJD. There is no assertion that the Court was incorrect in its ruling. Accordingly, Petitioner has failed to establish that he is entitled to an equitable remedy under Rule 60(b) based on extraordinary circumstances or the need to correct an erroneous judgment. See Washington, 394 F.3d at 1157. Accordingly, to the extent that the filing of the instant action can be construed as a motion for reconsideration, it is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   The petition for a writ of habeas corpus under § 2241 is **DISMISSED** as duplicative of a previously filed action, Case No. 20-03558 EJD. A motion for reconsideration of the dismissal of that previous action is DENIED. Petitioner's only remaining remedy with regards to the claims in his § 2241 petition is to appeal to the Ninth Circuit.

2.   Petitioner's motions for leave to proceed IFP, stay of removal, temporary restraining order, appointment of counsel, and motion regarding exhibits filed in a previous action are **DENIED** as moot in light of this dismissal. Dkt. Nos. 6, 7, 8, 9, and 10.

This order terminates Docket Nos. 6, 7, 8, 9, and 10.

4

1    The Clerk shall close the file.
2    **IT IS SO ORDERED.**
3    Dated: ___1/5/2021_____
     _____
4    EDWARD J. DAVILA
     United States District Judge

25   Order of Dismissal; Denying Recon.
     P:\PRO-SE\EJD\HC.20\06109Mendez-Barocio_dism(dupl)&deny.recon.docx